IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>v.<br><br>THE GRAMMYS AWARDS ON CBS,<br><br>Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:24-cv-00022-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

The undersigned is referred to this matter pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). Pro se Plaintiff Ronald Satish Emrit (Plaintiff) commenced this action against Defendant The Grammy Awards (Defendant) on January 10, 2024 (ECF 1). On January 11, 2024, the court granted Plaintiff's Motion to proceed *in forma pauperis* (ECF 4). In that Order, the court stated that service of process was pending pursuant to the court's screening of Plaintiff's Complaint (ECF 5) under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b). Under this standard, the undersigned RECOMMENDS the court to DISMISS WITHOUT PREJUDICE Plaintiff's Complaint.

## I. LEGAL STANDARD

"Although '[s]ection 1915 contains no express authorization for a dismiss for lack of personal jurisdiction or venue,' the Tenth Circuit has held "that a district court may, in certain limited circumstances..., dismiss under § 1915 for lack of personal jurisdiction and for improper venue." *Berns v. Clayton Cnty. Sheriff's Off.*, No. 23-3258-JWL, 2023 WL 8803029, at *1 (D. Kan. Dec. 20, 2023) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006)).

1

Under 28 U.S.C. § 1391, a civil action may be brought in any judicial district in which either the defendant resides or a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391. When a case is brought in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The court may consider venue sua sponte "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed," and it "may dismiss under § 1915" for lack of venue "only if 'it is clear that [the plaintiff] can allege no set of facts' to support ... venue." *Berns*, 2023 WL 8803029, at *1. "To determine whether transfer is in the interest of justice, the Court considers, for example, whether the action would be time-barred if filed anew in the proper venue, whether the claims are likely to have merit, and whether the action was filed in good faith or 'filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Id.*

## II.     DISCUSSION

Plaintiff brings this action against the Grammy Awards pursuant to the Civil Rights Act of 1964 (ECF 2 at 8). Plaintiff alleges to be a resident of the states of Florida and Maryland (*id.* at ¶ 5). Plaintiff also alleges that the Grammy Awards' principal place of business is Los Angeles, California (*id.* at ¶ 6). Upon careful review of Plaintiff's Complaint (ECF 5), nothing in the Complaint alleges any facts that suggests that Defendant Grammy Awards resides in Utah or that any of the events giving rise to the claim occurred in Utah. Moreover, Plaintiff's Complaint repeatedly alleges that it is the United States District Court for the District of Washington that is the court with jurisdiction over this claim and not the District of Utah (*id.* at ¶¶ 9, 10).

While the court considers the option to transfer this case to either the Central District of California, or the District of Washington based on the Plaintiff's allegations (*id.* at ¶¶ 6, 9, 10), for the reasons set forth below the court declines to recommend transfer. Plaintiff has previously had his Complaint dismissed under 28 U.S.C. § 1915(e), in similar actions and against the same Defendant at least once prior and thereafter to commencing this action. *See, e.g., Emrit v. Grammy Awards on CBS*, No. 5:23-CV-499-M, 2023 WL 6545417, at *3 (E.D.N.C. Sept. 15, 2023), *report and recommendation adopted,* No. 5:23-CV-00499-M, 2023 WL 6541844 (E.D.N.C. Oct. 6, 2023), aff'd, No. 23-2063, 2024 WL 399084 (4th Cir. Feb. 2, 2024) (dismissing similar claim partly on improper venue); *see also Emrit v. Grammy Awards on CBS*, No. 1:24-CV-00060-CL, 2024 WL 169680, at *2 (D. Or. Jan. 11, 2024) (same). Additionally, Plaintiff himself alleges that other cases in other districts have been transferred to Los Angeles (ECF 5 at ¶¶ 1–3). Despite Plaintiff having previously been notified of venue requirements for similar actions, Plaintiff continues to disregard these requirements by improperly filing this suit in the District of Utah. 28 U.S.C. § 1406(a). Transfer here is thus not in the interests of justice, and the court therefore RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

## RECOMMENDATION

The undersigned therefore RECOMMENDS that the court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22 April 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah